UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>ARMANDO CONTRERAS-CEDANO,<br><br>Movant. | No. 2: 08-cr-0081 MCE KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

The court has been informed that movant has been released from prison. However, movant did not file a notice of change of address informing the court of his new address. Accordingly, on August 26, 2016, the court ordered movant to show cause, within twenty-one days, for his failure to keep the court apprised of his current address. (ECF No. 28.) In this order, the court warned that failure to respond to this order would result in dismissal, without prejudice, of movant's motion brought pursuant to 28 U.S.C.§ 2255. (Id.)

On September 6, 2016, the August 26, 2016 order was returned unserved and marked "undeliverable, returned to sender, no longer at this address."

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the court advised of his current address at all times. Local Rule 183(b) provides, in relevant part,

1

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and the opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over sixty-three days have passed since movant's mail was returned, and movant has not notified the court of a current address.

In determining whether to dismiss an action for failure to follow the local rules and/or lack of prosecution, the court must consider several factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manages its docket; 3) the risk of prejudice to the respondent; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

The first, second and third factors favor dismissal of this action. Movant's failure to keep the court informed of his address supports the conclusion that he has abandoned this action. The fourth factor, as always, weighs against dismissal. As for the fifth factor, without movant's current address, less drastic sanctions are not available.

Having considered the factors set forth above, the undersigned finds that dismissal is an appropriate sanction.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 15) be dismissed; and

2. The Clerk of the Court be directed to close the companion civil case No. 2: 13-cv-2161.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections,

he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 14, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ced2255.dis